## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | ) | **CASE NO.: 1:14-cv-02220-DCN** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **MARK ENDRIZAL** | ) | **(JURY DEMAND ENDORSED** |
| | ) | **HEREON)** |
| **Defendant.** | ) | |
| | ) | |

---

### DEFENDANT MARK ENDRIZAL'S ANSWER AND AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT

---

Mark Endrizal, for his Answer to the Amended Complaint-Action for Copyright Infringement, states as follows:

### Introduction

1.     Paragraph 1 of the Amended Complaint states legal conclusions to which no factual response is required.

2.     Defendant denies the allegations contained in Paragraph 2 of the Amended Complaint.

3.     The Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Amended Complaint.  Further answering, Malibu

Media, LLC, the Plaintiff is suing, upon information and belief, based upon a "siterip" paid website called x-r.com. These alleged copyrights were posted onto one BitTorrent file by someone unidentified in this Amended Complaint. The Amended Complaint is devoid of information concerning the Plaintiff's knowledge of the siterips or DMCA takedown notices or even whether the Plaintiff himself was involved in allowing the copyrights to be taken with impunity to set up these types of lawsuit. The end result is simply clicking on a wrong torrent file link with the Plaintiff's name can create the kind of liability they have alleged.[1]

## Jurisdiction and Venue

4.      The allegations in Paragraph 4 of the Amended Complaint state legal conclusions to which no factual response is required.

5.      Defendant denies the allegations contained in Paragraph 5 of the Amended Complaint. Moreover, the statements set forth in Paragraph 5 of the Amended Complaint state *quasi* legal and unsupportable factual contentions that do not support the allegations contained in Paragraph 5 of the Amended Complaint. Moreover, even if the IP address alleged was associated with the high speed internet routers located in Defendant's home and/or business within the statute of limitations, that fact alone would not give rise to jurisdiction over the Defendant, or the Defendant's person. An IP address is not a person. It is a designation assigned to a piece of technology which can be accessed, manipulated, hacked and misused by multiple individuals. Additionally, a process known as spoofing allows an IP address to be stolen or misused by having other devices configured with the same IP address or an individual can utilize technology available over the counter so to speak to make his or her own IP address cloned in order to be another IP address.

---

1 This detail is meant to inform the Plaintiff that rather than motion practice we will proceed to discovery.

2

6.      Defendant denies the allegations contained in Paragraph 6 of the Amended Complaint.  Further answering, this information should be stricken because it is the Plaintiff's self-serving aggrandizement of alleged information that cannot be supported by the Plaintiff itself and therefore is improperly stated in a pleading.

7.      Defendant denies the allegations contained in Paragraph 7 of the Amended Complaint.

**Parties**

8.      The Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended Complaint.  Those allegations are, therefore, denied.

9.      Defendant admits the allegations contained in Paragraph 9 of the Amended Complaint.

**Factual Background**
*Defendant Used the BitTorrent File Distribution Network to Infringe Plaintiff's Copyrights*

10.     The Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Amended Complaint.  Those allegations are, therefore, denied.

11.     The Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended Complaint.  Those allegations are, therefore, denied.  Further answering, the implied allegation that BitTorrent does not utilize intermediary host websites and that BitTorrent is not subject to DMCA, this Defendant denies those allegations.

12.     The Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended Complaint.  Those allegations are, therefore, denied.  Further answering, the small chunks the files are broken into are usually called pieces, not bits.

13.     The Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Amended Complaint.  Those allegations are, therefore, denied.

14.     The Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended Complaint.  Those allegations are, therefore, denied.  Further answering, it is possible for two unrelated pieces to have an identical, cryptological hash value.

15.     The Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint.  Those allegations are, therefore, denied.

16.     The Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended Complaint.  Those allegations are, therefore, denied.

17.     The Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended Complaint.  Those allegations are, therefore, denied.  Further answering, it is hard to understand who IPP International UG is and how they would have the authority to connect with Defendant's IP address without authorization or permission from this Defendant.

4

18.    The Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended Complaint.  Those allegations are, therefore, denied.  Further answering, it is hard to understand who IPP International UG is and how they would have the authority to connect with Defendant's IP address without authorization or permission from this Defendant.

19.    Defendant denies the allegations contained in Paragraph 19 of the Amended Complaint.

20.    The Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Amended Complaint.  Those allegations are, therefore, denied.

21.    The Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Amended Complaint.  Those allegations are, therefore, denied.  Further answering, the information contained in Paragraph 21 of the Amended Complaint is not appropriate for a pleading either in form or format and should be stricken.

22.    The Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Amended Complaint.  Those allegations are, therefore, denied.  Further answering, the information contained in Paragraph 21 of the Amended Complaint is not appropriate for a pleading either in form or format and should be stricken.

23.    The Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Amended Complaint.  Those allegations are, therefore, denied.

**Miscellaneous**

24.     The allegations contained in Paragraph 24 of the Amended Complaint state legal conclusions to which no factual response is required.

25.     The Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Amended Complaint.  Those allegations are, therefore, denied.  Further answering, Defendant states that according to the public records, this Plaintiff has filed hundreds of lawsuits in Ohio alone and it appears that all the lawsuits are identical.  So, it is hard to imagine what a reasonable fee for any services would be in what amounts to a copyright troll action.

**COUNT I**
**Direct Infringement Against Defendant**

26.     Defendant realleges all of his responses contained in Paragraphs 1 through 25 of the Amended Complaint.

27.     The Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Amended Complaint.  Those allegations are, therefore, denied.

28.     Defendant denies the allegations contained in Paragraph 28 of the Amended Complaint.

29.     The Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Amended Complaint.  Those allegations are, therefore, denied.

6

30.     Defendant denies the allegations contained in Paragraph 30 of the Amended Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to state a claim upon which relief may be granted.

2.      Plaintiff's claim for statutory damages pursuant to 17 U.S.C. § 504 is barred because Malibu's copyright registrations were not made within three months after the first publication of the alleged infringing works as required by 17 U.S.C. § 412.

3.      Plaintiff's claims are barred because the damages sought are unconstitutionally excessive, disproportionate to any actual damages or to the alleged use that may have been sustained notwithstanding the allegations of the Amended Complaint in violation of the Federal and State due process clauses.

4.      Plaintiff's works lack originality and are, thus, not protected by copyright in any event.

5.      Plaintiff's copyrights are invalid or unenforceable.

6.      Plaintiff's claims are barred by the doctrine of fair use.

7.      Plaintiff's claims are barred by estoppel.

8.      Plaintiff's claims are barred by the doctrine of unclean hands.

9.      Plaintiff's claims are barred by waiver.

10.     Plaintiff authorized either implicitly or explicitly Defendant's alleged infringing use of its works.  Therefore, Plaintiff's claims are barred by the doctrine of implied license.

11.     Plaintiff's claims are barred by its license, consent and acquiescence to the use alleged.

12.     To the extent Plaintiff suffered any damages for the use of its alleged copyrights, which Defendant expressly denies, Plaintiff failed to take any steps necessary to mitigate the damages sustained including notices or billing for the fair pricing of the titles viewed.

13.     Plaintiff's claims are barred to the extent it has forfeited or abandoned its intellectual property.

14.     Plaintiff's claims are barred by the doctrine of misuse of copyright.

15.     Plaintiff's claims are barred in whole or in part because Defendant's conduct was made in good faith, with no willful intent and reliance upon the lack of any copyright notices or any warnings regarding the ownership of copyrights.

16.     Plaintiff is not entitled to any injunctive relief because any alleged injury to the Plaintiff is not immediate, irreparable and the Plaintiff has an adequate remedy of law.

17.     Plaintiff's claims are barred in whole or in part by the doctrines of equitable and/or judicial estoppel.

18.     Plaintiff's claims for statutory damages, for each copyright held at issue, are barred in whole or in part to the extent that a statutory fee award has already been received by the Plaintiff for that copyrighted work for settlement or judgment paid by other alleged infringers who are involved in related infringers via BitTorrent of the same file work or files.

19.     Plaintiff's damages, if any, are limited or non-existent because Defendant was not aware or had any reason to believe that his acts or actions constituted an infringement of anyone's copyrights.

20.     Plaintiff's claims are barred in whole or in part because the Defendant did not engage in any volitional conduct.

21.     Plaintiff's claims are barred in whole or in part by the doctrine of laches.

22.     Plaintiff's claims are barred in whole or in part because the harm alleged by the Plaintiff here resulted from the misuse of Plaintiff's copyrights and/or technology by person(s) not known to the Defendant and not sued in this lawsuit.

23.     The damages complained of may have been the result of intervening actions of others that were not proximately caused by the actions or allegations against the Defendant.

24.     The Plaintiff's claims are barred in whole or in part by the Plaintiff's own knowledge, consent and acquiescence to the original theft of the copyright materials and their continued use without notification to the Defendant.

25.     Plaintiff's claims are barred in whole or in part by the doctrine of fair use.

26.     Plaintiff's claims are barred in that the copying or other alleged violation of rights which are alleged in the Amended Complaint were *deminimis.*

27.     Plaintiff has failed to join all indispensable parties to this litigation.  The initial seeder or the person who put up the content on BitTorrent in the first place as well as others who may have been assisting in any alleged infringing downloads, are not named as Defendants in this action and are indispensable parties within the meaning of Fed. Civ. R. Pro. 19.

28.     The Plaintiff's contents were in the public domain.

29.     To the extent that the Defendant used any of the Plaintiff's copyrighted titles, the copyright owner may have granted permission to use the works or licensed their use which is a question of collecting for the use, not statutory infringement violations.

30.     Plaintiff's alleged marks were made available to whoever used the service without a copyright notice or warning.

**WHEREFORE**, having fully Answered the Amended Complaint-Action for Copyright Infringement, Defendant Mark Endrizal requests the following relief:

1.     judgment in his favor by dismissal with prejudice;

2.     costs, fees and expenses as permitted by law; and

3.     any and all other relief appropriate to the facts.

Respectfully submitted,

MICHAEL P. HARVEY CO., L.P.A.

/s/Michael P. Harvey
Michael P. Harvey, Esq. (#0039369)
311 Northcliff Drive
Rocky River, Ohio  44116
Office: (440) 356-9108
Cell:   (440) 570-2812
Email: MPHarveyCo@aol.com
***Attorney for Mark Endrizal***

## JURY DEMAND

The Defendant respectfully gives notice to all parties and counsel of record that he requests a jury on all claims and issues so triable before a jury with the maximum number of jurors allowed under federal law.

/s/Michael P. Harvey
Michael P. Harvey, Esq. (#0039369)
***Attorney for Mark Endrizal***

10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 24, 2015 a copy of the foregoing

DEFENDANT MARK ENDRIZAL'S ANSWER AND AFFIRMATIVE DEFENSES TO THE

AMENDED COMPLAINT has been forwarded via the Court's electronic filing system to:

Yousef M. Faroniya, Esq.
84 South Fourth Street
Columbus, Ohio 43215
Email: yfaroniya@gmail.com
*Attorney for Plaintiff*

/s/Michael P. Harvey
Michael P. Harvey, Esq.
***Attorney for Mark Endrizal***

MPH/rrg
H14430

11